UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER ALLAN ALLRED,

                Petitioner,

    v.

MELISSA ANDREWJESKI,

                Respondent.

CASE NO. 3:23-cv-05182-LK-GJL

REPORT AND RECOMMENDATION

Noting Date: July 7, 2023

      The District Court has referred this action to United States Magistrate Judge Grady J Leupold. On March 7, 2023, Petitioner Christopher Allan Allred filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging his 2016 Clark County judgment and sentence. Dkt. 1. The Petition also includes motions for counsel and "to vacate a void judgment." Dkt. 1-6.

      After substituting the correct Respondent, the Court ordered service of the Petition on Respondent Andrewjeski. Dkt. 4. On May 12, 2023, Respondent filed a Motion to Dismiss. Dkt. 8. Petitioner filed a response. Dkt. 9. After review of the relevant record, the Court concludes the Petition is successive. Therefore, the Court recommends the Motion to Dismiss (Dkt. 8) be

granted and the Petition be dismissed without prejudice, and that a certificate of appealability not issue. The Court further recommends that Petitioner's motions be denied as moot.

## I. BACKGROUND

In 2016, Petitioner was convicted in Clark County Superior Court of second degree rape, two counts of first degree incest and second degree incest. *State v. Allred*, No. 49375-6-II, 2018 WL 3360852, 4 Wn. App. 2d 1040 (July 10, 2018). On July 17, 2019, after pursuing a direct appeal in state court, Petitioner filed his first federal habeas Petition (the "First Petition").[1] *See* Dkt. 8-1 at 10–39; *Allred v. Uttecht*, No. 3:19-cv-05687 RJB. The court dismissed the First Petition without prejudice for failure to exhaust state court remedies. *Allred v. Uttecht* at Dkts. 10, 12. The Ninth Circuit Court of Appeals denied a certificate of appealability, and the United States Supreme Court denied certiorari. *Id*. at Dkts. 25, 27.

After pursuing additional state court remedies, Petitioner filed a second federal habeas petition on February 10, 2021 (the "Second Petition"). *See* Dkt. 8-1 at 41–85; *Allred v. State of Washington*, No. 3:21-cv-05103-RSM. The Second Petition raised several claims contending Petitioner's constitutional rights were violated because he was not charged by Grand Jury indictment. Dkt. 8-1 at 41–85. The court found the Second Petition lacked merit and dismissed it with prejudice. *Allred v. State of Washington* at Dkts. 4, 8. The Ninth Circuit Court of Appeals denied a certificate of appealability, and the United States Supreme Court denied certiorari. *Id*. at Dkts. 15, 19.

Petitioner now files this Petition ("Third Petition"), contending (1) he did not receive a preliminary hearing before he was charged by an Information, (2) he was denied the right to

---

[1] The Court may take judicial notice of documents on file in federal or state courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

REPORT AND RECOMMENDATION - 2

present expert testimony regarding a medical condition at trial, and (3) the state's failure to deny the claims in a previous state habeas corpus petition conceded that petition's validity. Dkt. 1-2 at 5, 12, 24, 30. Respondent has moved to dismiss, contending the Court lacks jurisdiction because the Petition is successive and Petitioner did not seek or receive permission to file it from the Ninth Circuit Court of Appeals. Dkt. 8 at 6. Petitioner has responded. Dkt. 9.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.2d 1318, 1322 (9th Cir. 1990)). The Ninth Circuit also states "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb*, 576 F.3d at 1029.

Petitioner's First and Second Petitions challenged the same 2016 Clark County judgment and sentence Petitioner now challenges again in the Third Petition. The court's denial of the First Petition was without prejudice and was not decided on the merits. However, the court denied the Second Petition on the merits. The court considered the claims made in the Second Petition, found they "lack[ed] merit," and dismissed the petition with prejudice. *See Allred v. State of Washington*, Dkt. 4 at 2.

REPORT AND RECOMMENDATION - 3

Further, when Petitioner brought his Second Petition, he was or could have been aware of the factual predicate of all of the claims he has brought in the Third Petition. Petitioner was or could have been aware at that time that he had not received a preliminary hearing prior to the issuance of the Information, had not been able to present expert testimony, and that the Respondent had not denied the claims in his previous state court habeas petition. The claims, therefore, could have been adjudicated on the merits in the Second Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was "second or successive" when the petitioner was aware of the factual predicate of the claim and could have raised the claim in his first petition).

As Petitioner's Second Petition was denied on the merits and Petitioner was or could have been aware of the claims asserted in the Third Petition prior to filing the Second Petition, the Third Petition is successive.

Before a petitioner is allowed to file a successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A district court lacks jurisdiction to consider a successive petition in the absence of an order from the Ninth Circuit authorizing the district court to consider the petition. *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Here, there is no evidence Petitioner has received an order from the Ninth Circuit authorizing this Court to consider the Third Petition. Thus, the Court lacks jurisdiction to

consider the Third Petition and it should be dismissed without prejudice. *See Magwood*, 561 U.S. at 331; *Cooper*, 274 F.3d at 1274.[2]

### III. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Third Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Third Petition.

### IV. CONCLUSION

For the above stated reasons, the Court recommends Respondent's Motion to Dismiss (Dkt. 8) be **GRANTED**, the Third Petition (Dkt. 1) be **DISMISSED** without prejudice, and a certificate of appealability not be issued. The Court further recommends that Petitioner's motions (Dkt. 1-6) be **DENIED** as moot.

---

[2] Petitioner's response asserts that his motion to vacate his state court judgment pursuant to Fed. R. Civ. P. 60(b)(4) provides an independent basis to grant him relief. Dkt. 9 at 2–3. However, habeas corpus is the only avenue under which this Court may review Petitioner's state court conviction and sentence. Outside of its habeas jurisdiction, the *Rooker-Feldman* doctrine bars a federal trial court from reviewing state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–292 (2005); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); 28 U.S.C. § 1257.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 7, 2023, as noted in the caption.

Dated this 22nd day of June, 2023.

Grady J. Leupold
United States Magistrate Judge