UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER ALLAN ALLRED,<br><br>    Petitioner,<br>v.<br><br>MELISSA ANDREWJESKI,<br><br>    Respondent. | CASE NO. 3:23-cv-05182-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND REFERRING PETITION TO THE CIRCUIT COURT OF APPEALS |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Grady J. Leupold, Dkt. No. 10, and pro se petitioner Christopher Allred's objections, Dkt. No. 11. As set forth below, the Court adopts the Report and Recommendation ("R&R"), dismisses Mr. Allred's petition, and refers this federal habeas petition to the Ninth Circuit Court of Appeals for review as a second or successive habeas petition under Circuit Rule 22-3(a).

I. BACKGROUND

Mr. Allred is confined at the Coyote Ridge Corrections Center. Dkt. No. 1 at 1. He filed a habeas petition under 28 U.S.C. § 2254 challenging his 2016 conviction in Clark County Superior

ORDER ADOPTING REPORT AND RECOMMENDATION AND REFERRING PETITION TO THE CIRCUIT COURT OF APPEALS - 1

1  Court for one count of second degree rape, two counts of first degree incest, and one count of
2  second degree incest. Dkt. No. 10 at 2 (citing *State v. Allred*, No. 49375-6-II, 2018 WL 3360852,
3  4 Wn. App. 2d 1040 (July 10, 2018)).

## II.   DISCUSSION

### A.   Standards for Reviewing a Report and Recommendation

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). However, the Federal Magistrates Act "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

### B.   The Report and Recommendation and Objections

Judge Leupold recommended dismissal of Mr. Allred's petition because it is a second or successive petition. Dkt. No. 10 at 4–5. He explained that the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that second or successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). *Id.* at 3. "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be

ORDER ADOPTING REPORT AND RECOMMENDATION AND REFERRING PETITION TO THE CIRCUIT COURT OF APPEALS - 2

considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *Id.*

Judge Leupold explained that Mr. Allred previously filed a habeas petition in 2021 that ended with a disposition on the merits when the Court found that the claims therein "lacked merit" and dismissed the petition with prejudice. Dkt. No. 10 at 2 (citing Dkt. 8-1 at 41–85; *Allred v. Washington*, No. 3:21-cv-05103-RSM, Dkt. Nos. 4, 8 (W.D. Wash.)).[1] He further explained that Mr. Allred could have raised his current claims in his second petition. Dkt. No. 10 at 4.

Judge Leupold also noted that "[b]efore a petitioner is allowed to file a successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition." *Id.* Judge Leupold recommended that the petition be dismissed for lack of jurisdiction because Mr. Allred has not obtained that permission. *Id.* at 4–5. Judge Leupold also recommended that the Court deny a certificate of appealability. *Id.* at 5. Finally, he recommended that because the Court is without jurisdiction, it deny as moot Mr. Allred's motions to appoint counsel and vacate a void judgment. *Id.*; *see also* Dkt. No. 1-6 (motions).

Mr. Allred filed timely objections in which he contends that he was unaware that he had to request permission from the Ninth Circuit to file his petition. Dkt. No. 11 at 3. He states that he has a "winning and meritorious case" but his "problem is not knowing the rules of the game[.]" *Id.* at 2 (stating that "[i]t is obvious that [he] need[s] the help of an attorney, and that is why [he] asked for one."). His objections also ask whether this Court will transmit his petition to the Ninth Circuit if it finds the petition to be successive. *Id.* at 3.

---

[1] Mr. Allred's first habeas petition, filed in 2019, was dismissed without prejudice for failure to exhaust state court remedies. *Id.*; Dkt. 8-1 at 10–39; *Allred v. Uttecht*, No. 3:19-cv-05687-RJB, Dkt. Nos. 10, 12 (W.D. Wash.). Because that dismissal was not on the merits, the Court does not address it further.

ORDER ADOPTING REPORT AND RECOMMENDATION AND REFERRING PETITION TO THE CIRCUIT COURT OF APPEALS - 3

     Mr. Allred's objections effectively concede that his habeas petition is a second or successive petition challenging the same state court convictions that he challenged in his second petition. He does not contend that any of the exceptions in 28 U.S.C. § 2244(b)(2) apply. The claims Mr. Allred raises in his third petition thus could have been adjudicated in the second petition. Because of this, and because the second petition was denied on the merits, this third petition is successive. *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). Mr. Allred has not obtained authorization from the Ninth Circuit to proceed with this petition, so the Court is without jurisdiction to consider it or Mr. Allred's motions. *Id.* at 1274 (once the district court found that petitioner's habeas petition was second or successive, "it lacked jurisdiction to consider the merits of his petition.").

     Ninth Circuit Rule 22-3(a) states that "[i]f an application for authorization to file a second or successive section 2254 petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." *See also* 28 U.S.C. § 1631 (stating that whenever a court identifies a lack of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed"). Here, Mr. Allred's objections state that he did not understand that he needed to seek authorization from the Ninth Circuit to file this petition, he is struggling to understand how to proceed, and he is questioning whether the Court will forward his petition to the Court of Appeals. Dkt. No. 11 at 2–3. In light of those assertions, the Court construes Mr. Allred's filings as a request for permission to file a second or successive petition. *See Smith v. Uttecht*, No. C19-768-BJR-MLP, 2019 WL 8888106, at *3 (W.D. Wash. Dec. 6, 2019), *report and recommendation adopted*, 2020 WL 2745730, at *1 (W.D. Wash. May 27, 2020) (construing habeas petition as a request for permission to file a second or successive petition, and transferring it to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-

ORDER ADOPTING REPORT AND RECOMMENDATION AND REFERRING PETITION TO THE CIRCUIT COURT OF APPEALS - 4

3); *Williams v. Holbrook*, No. 2:18-cv-1807-JLR, 2019 U.S. Dist. LEXIS 9335, at *3 (W.D. Wash. Jan. 2, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 9225, at *1 (W.D. Wash. Jan. 18, 2019) (same). The Court thus refers the petition to the Ninth Circuit under Circuit Rule 22-3(a) and 28 U.S.C. § 1631. Mr. Allred is advised that this referral does not constitute compliance with 28 U.S.C. § 2244(b) and Ninth Circuit Rule 22-3; he must still seek authorization to proceed in the Court of Appeals and make the showing required by § 2244(b).

### III.  CONCLUSION

For the foregoing reasons, the Court finds and ORDERS:

(1) The Court ADOPTS the Report and Recommendation, Dkt. No. 10, and DENIES Mr. Allred's motions as moot, Dkt. No. 1-6.

(2) The Clerk of the Court shall refer this habeas petition to the Ninth Circuit Court of Appeals for review as a second or successive habeas petition under Circuit Rule 22-3(a).

(3) The Clerk is directed to close this case; send this Order to Judge Leupold, all counsel of record, and Mr. Allred; and send Mr. Allred a copy of Ninth Circuit Rule 22-3 and the Ninth Circuit Court of Appeals Form 12–Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

Dated this 29th day of August, 2023.

Lauren King
United States District Judge